1  REIDUN STRØMSHEIM # 104938
   STROMSHEIM & ASSOCIATES
2  201 California Street, Suite 350
   San Francisco, California  94111
3  Telephone:    (415) 989-4100
   Fax:          (415) 989-2235
4  rstromsheim@stromsheim.com

5  Attorneys for Trustee,
   PAUL MANSDORF

6

7

8               UNITED STATES BANKRUPTCY COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                                          Case No. 08-43949 NM

11   In re:                                 Chapter 7

12   LES WORLEY & SONS, INC.
                                            Date: April 15, 2009
13   Tax I.D. # 94-2576802                  Time: 9:30 a.m.
                                            Place: 1300 Clay Street, 2nd Floor
14        Debtor                                   Oakland, CA

15            DECLARATION OF PAUL MANSDORF IN SUPPORT OF
16            APPLICATION FOR APPROVAL OF SALE

17        I, PAUL MANSDORF, hereby declare:

18        1.      I am the duly appointed trustee in the above case. The information given herein is

19   based on my personal knowledge as such, and if called as a witness I would and could testify

20   competently hereto.

21        2.      At the inspection on March 6, 2009, Les Worley was there to let the parties in. In

22   addition to myself and my attorney,  counsel for the Essmans and Mr. Essman, a potential buyer

23   procured by the Essmans, Curtis Anders was also there. Les Worley  turned over to the me a

24   number of documents, including the following:

25        a.      The Debtor's tax returns for 2006, 2007 and 2008;

26        b.      A 126 page list of aged accounts receivable, showing activity for 1/1-08 through

27                7/25-08;

28        c.      An 86 page list of aged accounts receivable for the Chapter 11 period;

d.  A list of creditors with notations of some creditors who had received post-petition payments on account of pre-petition debts, totaling $65,493.24, with the highest being $20,719.05, the next highest $5,000, thereafter about 6 between $1,000 and $3,023, and the balance under $1,000. (No order approving payment of pre-petition debts had been obtained);

e.  Three cash receipt and disbursement statements covering the period from 1/1/08 until the case was converted;

f.  Miscellaneous annotated invoices for the Chapter 11 period.

g.  Balance sheets for the Debtor for December 31, 2007 and 2008, without attachments.

2.  All of the documents produced were shared with counsel for the Essmans, who scanned the documents at the premises.

3.  I did not receive the bank statements and cancelled checks requested, and Mr. Worley stated that he had had a nervous breakdown between Christmas and New Years, and had thrown the documents away, and that he had thrown all old business records away. When I asked to get access to the computers, Mr. Worley stated that he had, at that same period, erased all of the computers.

4.  I, counsel for the Essmans and the potential third party buyer, Mr. Curtis Anders, (who may go into business with the Essmans) all attempted to access the computers, without success. Mr. Worley did not have the passwords, and from fear that further damage could be made to the computers, I decided to remove the server and all of the computers from the premises.

5.  Although I had been promised delivery of the passwords, they were not immediately forthcoming, and had not been delivered at the time that the overbid session was held.

6.  The only party making an overbid was an employee, Tara Edel, and even she did not make a written offer. Accordingly, there was no offer to take to the Court, and with the objections by the Essmans, based on lack of financial disclosure, the hearing was continued to April 15, 2009. After the hearing, I and my counsel met with the potential bidders, including a Mr. Angelo Asaro, and set forth the terms of the overbids.

1    7.    After a period of time, the problems with the computers and access were resolved.

2  It turned out that no information had been deleted from the computers, Les Worley has indicated

3  that he panicked when counsel for the Essmans were scanning all of the information provided, and

4  that he feared that the Essmans are seeking information solely for the purpose of trying to hold

5  Les Worley and John Worley personally liable for the judgment. This may not be far fetched as

6  the counsel for the Essmans were particularly interested in e-mails on the computers.

7    8.    The computers and server have been returned to the Debtor's premises and my

8  CPA, Mr. Richard Pierotti,  has been to the premises and reviewed the computers. I am informed

9  and believe that the Debtor started a new, industry wide accounting system in early 2007, and all

10  information from this period is intact, and has been made available to me. I am informed and

11  believe that there have been some technical problems in accessing the Quickbooks information,

12  which covers the period prior to this period, but this is being worked on. The Debtors documents

13  for the pre-bankruptcy period, however, including bank statements and cancelled checks, invoices,

14  etc. do seem to be destroyed.

15    I declare under penalty of perjury that the foregoing is true and correct, unless stated on

16  information and belief, and as to those matters I believe them to be true.

17    Executed in the City of Berkeley, Alameda County, this 9th day of April, 2009.

18

19

20    By____/s____Paul Mansdorf, Trustee

21

22

23

24

25

26

27

28